UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARYL DEVINCENZI,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 16-CV-04628-LHK<br><br>**ORDER FINDING AMENDED COMPLAINT UNTIMELY**<br><br>Re: Dkt. No. 8 |

On September 13, 2016, Defendant Experian Information Solutions, Inc. ("Experian") filed a motion to dismiss Plaintiff's complaint. ECF No. 8. On September 30, 2016, Defendant Roundpoint Mortgage Company ("Roundpoint") filed a motion to dismiss Plaintiff's complaint. ECF No. 17. Plaintiff did not file an opposition to either of these motions to dismiss. Instead, on October 17, 2016, Plaintiff filed an Amended Complaint. ECF No. 19.

Under Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B), if a pleading requires a responsive pleading, a party may amend the original pleading within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff's complaint was filed more than 21 days after Experian filed its motion to dismiss on September 13, 2016.

1

Case No. 16-CV-04628-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT

Under Rule 15(a)(1)(B), the 21 days for an amendment as of right begin to run when a responsive pleading or Rule 12(b) motion is filed, "whichever is earlier." This language suggests also that if multiple Rule 12(b) motions are filed, the 21 days begin to run on the date that the earliest motion was filed. The Advisory Committee Notes to the 2009 Amendments to Rule 15 state that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."

Although courts are not uniform in their application of Rule 15, several courts have relied on this language from the Advisory Committee Notes in holding that after one defendant has filed a motion to dismiss, a second motion to dismiss from another defendant does not create a "new 21–day period." *Blackhall v. Access Grp.*, 2010 WL 3951206, at *1 (D.N.J. Oct. 7, 2010); *see also NECA-IBEW Pension Fund ex rel. Cincinnati Bell, Inc. v. Cox*, 2011 WL 6751459, at *2 (S.D. Ohio Dec. 22, 2011) (same); *Morris v. Nicholson*, 2010 WL 3245404 at *12 (D. Md. Aug.17, 2010) (same). The Court finds these cases persuasive. As the Southern District of Ohio explained, "[t]he plain language of the Advisory Committee Notes clearly indicates that the situation of a responsive pleading and then a motion was only an 'example' rather than a description of the only application of the cumulative limitation." *Cox*, 2011 WL 6751459, at *2. Another example occurs when multiple motions are filed.

Additionally, the language of Rule 15, which states the 21 day period begins by the filing of whichever of the relevant documents is filed first, suggests that there is only one 21-day period following a motion or responsive pleading. This conclusion also avoids the potential for indefinite extensions of the time to amend as of right. As one leading treatise has stated, if later motions can "revive" the 21-day period to amend the complaint, there is the potential for abuse "by encouraging plaintiff to add nominal parties to keep the right to amend alive." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1481 (4th ed. 2010).

For these reasons, the Court finds that the 21-day period began to run when Experian filed

its motion to dismiss on September 13, 2016, and this period was not extended by Roundpoint's motion to dismiss on September 30, 2016. Thus, Plaintiff's amended complaint was not an amendment as of right because it was untimely, and Plaintiff has not filed a motion for leave to amend or shown that Defendants consented to the amendment.

Therefore, Plaintiff's Amended Complaint is stricken.

**IT IS SO ORDERED.**

Dated: November 3, 2016

_____
LUCY H. KOH
United States District Judge

3
Case No. 16-CV-04628-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT