1
2
3
4
5
6
7
8
9
10
11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DARYL DEVINCENZI,

          Plaintiff,

    v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

          Defendants.

Case No. 16-CV-04628-LHK

**ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART**

Re: Dkt. Nos. 26, 29

      Before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") motion to dismiss and Defendant Roundpoint Mortgage Company's ("Roundpoint") motion to dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the motion hearing set for January 12, 2017 at 1:30 p.m. and the motion hearing set for January 19, 2016 at 1:30 p.m. After considering the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Defendants' motions to dismiss with prejudice in part and without prejudice in part.

## I.     BACKGROUND

### A.  Factual Background

1

United States District Court
Northern District of California

On April 21, 2011, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 19 ("FAC") ¶ 93. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690.

In the instant case, before filing for bankruptcy, Plaintiff obtained a credit report from a third party vendor, CIN Legal Data Services ("CIN"). FAC ¶ 88. Plaintiff alleges that the information in this report came from the three major Credit Reporting Agencies ("CRAs"): Experian, Equifax, and TransUnion. *Id.* ¶ 89. According to the CIN report, Plaintiff's credit report at the time was estimated to be 497, but was estimated to rise to 630 after 12 months if Plaintiff filed for bankruptcy.

Plaintiff's Chapter 13 bankruptcy plan was confirmed on July 27, 2011. FAC ¶ 97. According to the FAC, the Chapter 13 plan provided that unsecured creditors would receive "100% disbursement of their filed claims over the course of Plaintiff's plan."[1] FAC ¶ 96. Plaintiff does not allege that Plaintiff has successfully paid his debt according to the plan, or that Plaintiff's debt has been discharged.

On March 3, 2016, Plaintiff ordered a three-bureau credit report from Experian. *Id.* ¶ 6. In the report, Plaintiff allegedly "noticed 10 different tradelines on the March 3, 2016 credit report all reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 99. Specifically, Plaintiff claims that these trade lines reported

---

[1] Plaintiff contradicts this statement in his opposition to Roundpoint's motion to dismiss, in which Plaintiff states that "Plaintiff's chapter 13 plan provided for a 12% distribution to go to general unsecured creditors, meaning that any creditor that filed a claim would receive approximately 12% of that claim." ECF No. 31, at 7. Nevertheless, the Court considers only the allegation in the FAC, because "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

Plaintiff's accounts "with past due balances, inaccurate balances, in collections, and/or charged off." *Id.* Plaintiff also alleges that "[s]ome accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan." *Id.*

In response to these alleged inaccuracies, Plaintiff sent a dispute letter to Experian and the other CRAs. In this dispute letter, Plaintiff stated that because his Chapter 13 bankruptcy plan had been confirmed, "there should not be any past due balance reported, the account should not be listed as charged off, transferred or sold, with an inaccurate monthly payment or that the account is in collections." *Id.* ¶ 101. Plaintiff alleges that Experian and the other CRAs received this dispute letter and forwarded the letter with other relevant information to Roundpoint and other furnishers of debt information. *Id.* ¶ 102.

On July 20, 2016, Plaintiff ordered a second three-bureau credit report from Experian. *Id.* ¶ 103. Plaintiff alleges that he was "not pleased to notice that the inaccuracies had not been updated or removed." *Id.* ¶ 104. Plaintiff claims that in this second report, Plaintiff's Experian score rose by only 3 points.[2] Additionally, Plaintiff claims that in this July 20, 2016 report, Roundpoint reported Plaintiff as having a total debt of $71,268.00, a past due balance of $18,794.00, and monthly payments of $333.00. *Id.* ¶ 106. However, Plaintiff claims that his bankruptcy trustee had already disbursed funds totaling $20,706.33 to Roundpoint on a debt of $80,792.33. *Id.* Thus, Plaintiff claims, the outstanding debt should have been $60,086.04 rather than $71,286. *Id.* However, the FAC contains no allegation that Plaintiff mentioned this alleged inaccuracy in his dispute letter.

Plaintiff alleges that Roundpoint failed to conduct a reasonable investigation into Plaintiff's dispute because Roundpoint failed to review how its debt should be reported after the confirmation of Plaintiff's Chapter 13 bankruptcy plan under "well established industry standards

---

[2] Plaintiff does not provide a baseline for this measurement. Thus, it is not clear whether Plaintiff's allegation is that his score rose by 3 points relative to the CIN report that Plaintiff obtained before filing for bankruptcy or that his score rose by 3 points relative to the March 3, 2016 three-bureau report that Plaintiff obtained from Experian.

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

for credit reporting." *Id.* ¶ 113–14. According to Plaintiff, "[t]he most basic investigation" would have shown that Roundpoint's reporting of the debt was inaccurate or misleading, and therefore Roundpoint's investigation must have been "unreasonable" in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Plaintiff alleges that this same conduct by Roundpoint also violated the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25(a). *Id.* ¶ 134–43.

Plaintiff also alleges that Experian failed to "conduct a reasonable investigation and to delete any information that was not accurate" as required under 15 U.S.C. § 1681i-(a)1. *Id.* ¶ 120. Specifically, Plaintiff alleges that Experian must have conducted an unreasonable investigation because "any basic investigation" would have revealed that information furnishers "were not following credit reporting industry standards" by reporting delinquent debts after Plaintiff's Chapter 13 bankruptcy plan confirmation. *Id.* ¶ 128.

Finally, Plaintiff alleges generally that "all actions alleged herein by Defendants were done knowingly, intentionally, and in reckless disregard for credit reporting industry standards in an attempt to purposefully undermine Plaintiff's ability to reorganize and repair Plaintiff's FICO Score." *Id.* ¶ 18.

## B. Procedural History

On August 12, 2016, Plaintiff filed a complaint against Defendants Roundpoint, Experian, and Equifax. ECF No. 1. The complaint alleged that Defendants had violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i, 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). *Id.*

On September 13, 2016, Experian filed a motion to dismiss the complaint. ECF No. 8. Roundpoint followed with its own motion to dismiss on September 30, 2016. ECF No. 17. Rather than oppose these motions, Plaintiff instead filed an amended complaint on October 3, 2016. ECF No. 19 ("FAC"). On November 3, 2016, the Court filed an order finding that Plaintiff's FAC was untimely. ECF No. 23. In response to Plaintiff's motion for leave to file a motion for

4

United States District Court
Northern District of California

1    reconsideration of the Court's order, the Court issued an amended order finding the FAC timely

2    and denying Experian's and Roundpoint's motions to dismiss as moot. ECF No. 25. On November

3    7, 2016, Plaintiff voluntarily dismissed Defendant Equifax. ECF No. 28.

4         On November 4, 2016, Experian filed its instant motion to dismiss. ECF No. 26 ("Experian

5    Mot."). Plaintiff filed an opposition to Experian's motion on December 4, 2016.[3] ECF No. 40

6    ("Experian Opp."). Experian filed a reply on December 21, 2016. ECF No. 43 ("Experian Reply").

7         Roundpoint filed its instant motion to dismiss on November 10, 2016. ECF No. 29

8    ("Roundpoint Mot.") Plaintiff filed an opposition on November 24, 2016. ECF No. 31.

9    ("Roundpoint Opp.") Roundpoint filed a reply on November 2, 2016. ECF No. 39. ("Roundpoint

10   Reply").

11   **II.     LEGAL STANDARD**

12       **A. Rule 12(b)(6) Motion to Dismiss**

13        Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

14   short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

15   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a

16   plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

17   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

18   pleads factual content that allows the court to draw the reasonable inference that the defendant is

19   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

20   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

21   a defendant has acted unlawfully." *Id.*

22        For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

23   in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

24

25   ───────────────

     [3] Plaintiff's opposition was due November 18, 2016, and thus Plaintiff's December 4, 2016
26   opposition was untimely. *See* Civil Local Rule 7-3(a). Nevertheless, because the Court finds that
     dismissal is warranted for other reasons, the Court need not decide whether the late filing alone
27   warrants granting Experian's motion to dismiss.

                                                      5
28   Case No. 16-CV-04628-LHK
     ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

United States District Court
Northern District of California

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original).

### III.   DISCUSSION

Plaintiff asserts a claim under the FCRA against both Experian and Roundpoint and a claim under the CCRAA against Roundpoint. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate,

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

the FCRA imposes duties both on consumer reporting agencies and "on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute." *Id.* In the instant case, Experian does not dispute that it qualifies as a consumer reporting agency under the FCRA and Roundpoint does not dispute that it qualifies as a furnisher under the FCRA.

The obligations of consumer reporting agencies ("CRAs") are described in 15 U.S.C. § 1681i. Under that section of the FCRA, consumer reporting agencies must conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report. 15 U.S.C. § 1681i(a); *see also Thomas v. TransUnion, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (discussing the reinvestigation requirements for CRAs under the FCRA). Specifically, within 30 days of receiving a notice from a consumer dispute, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Additionally, a CRA is required to "provide notification of the dispute to any person who provided any item of information in dispute" so that the furnisher may conduct its own investigation as required by § 1681s-2(b). *See* § 1681i(a)(2)(A). The FCRA creates a private right of action for willful or negligent noncompliance with its provisions. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

The obligations of furnishers are described in 15 U.S.C. § 1681s-2b. Under that section of the FCRA, furnishers have certain obligations that are triggered when the furnishers receive notice from the CRA that the consumer disputes the information. *Gorman*, 584 F.3d at 1154. Specifically, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . .;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information . . .; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . .
>
> > (i) modify that item of information;

7

United States District Court
Northern District of California

1    (ii) delete that item of information; or
     (iii) permanently block the reporting of that item of information.

2    15 U.S.C. § 1681s-2(b)(1).

3        The FCRA creates a private right of action for willful or negligent noncompliance with

4    either § 1681i or § 1681s-2(b). *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o). If a failure

5    to comply with either § 1681i or § 1681s-2(b) is negligent, a plaintiff may recover "any actual

6    damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). If a failure

7    to comply with either § 1681i or § 1681s-2(b) is willful, a consumer may recover actual damages

8    or statutory damages between $100 and $1000, as well as any appropriate punitive damages. 15

9    U.S.C. § 1681n(a).

10       Additionally, a plaintiff must establish "that an actual inaccuracy exist[s] for a plaintiff to

11   state a claim" for a violation of § 1681i or § 1681s-2(b). *Carvalho v. Equifax Info. Servs., LLC*,

12   629 F.3d 876, 890 (9th Cir. 2010); *see also Hernandez v. Wells Fargo Home Mortg.*, 2015 WL

13   1204985, at *2–3 (D. Nev. Mar. 16, 2015) (holding that an actual inaccuracy must exist to state a

14   claim under § 1681s-2(b)); *Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3

15   (N.D. Cal. Aug. 2, 2012) (same). Thus, even if a furnisher or CRA fails to conduct a reasonable

16   investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot

17   establish that a credit report contained an actual inaccuracy, then the plaintiff's "claims fail as a

18   matter of law." *Carvalho*, 629 F.3d at 890.

19       Experian and Roundpoint argue Plaintiff's FAC must be dismissed because Plaintiff fails

20   to identify any inaccurate or misleading statements in Plaintiff's credit report. In response,

21   Plaintiff identifies two allegedly inaccurate or misleading statements: (1) Roundpoint's report of

22   delinquent debts during the pendency of Plaintiff's Chapter 13 bankruptcy and (2) Roundpoint's

23   report of a debt balance that did not take into account payments to Roundpoint made by Plaintiff's

24   bankruptcy trustee. The Court addresses these allegedly inaccurate and misleading statements in

25   turn, after which the Court addresses Plaintiff's CCRAA claim.[4]

26

27   _____
     [4] Because the Court grants Defendants' motions to dismiss on the ground that Plaintiff has not

                                                     8
28   Case No. 16-CV-04628-LHK
     ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

**A.  Report of Delinquent Debts During the Pendency of Plaintiff's Chapter 13 Bankruptcy**

Plaintiff argues that the information on his credit report was inaccurate because it included a report of delinquent debt owed to Roundpoint during the pendency of Plaintiff's bankruptcy, which Plaintiff alleges was inconsistent with "the Court Ordered treatment of [Roundpoint's] claim under the terms of Plaintiff's Chapter 13 plan [of] reorganization." FAC ¶ 106. According to Plaintiff, the confirmation of Plaintiff's Chapter 13 bankruptcy plan constituted a "final, non-appealable judgment" that is "res judicata[,] i.e.[,] a binding final judgment regarding the determination of claims." Roundpoint Opp. at 6. Thus, Plaintiff argues that a Chapter 13 plan "fixes the amount of debt owed," and that a credit report is inaccurate if it reflects an amount other than that set in the Chapter 13 plan.

This Court has repeatedly rejected Plaintiff's argument. In *Blakeney v. Experian Info. Sols., Inc.*, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016), this Court held that although reporting delinquent payments may be misleading if the debts have been discharged in bankruptcy, "it is not misleading or inaccurate to report delinquent debts that have *not* been discharged." *Id.* at *5. In *Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016), this Court held that "as a matter of law, it is not misleading or inaccurate to report delinquent debts during the pendency of a bankruptcy proceeding prior to the discharge of the debts." Other courts in this district have consistently reached the same conclusion. *See Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) ("*Mortimer I*") ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013) ("*Mortimer II*") (finding that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the creditor reports that the account was discharged through bankruptcy and the outstanding balance is

identified any inaccurate or misleading statements in his March 2, 2016 credit report, the Court need not address Defendants' argument that Plaintiff has failed to sufficiently plead willfulness or actual damages. *See* Experian Mot. at 12–13.

9

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

1    zero); *Giovanni v. Bank of America, N.A.*, 2012 WL 6599681, at *6 (N.D. Cal. Dec. 18, 2012)

2    ("*Giovanni I*") (holding that it was not misleading or inaccurate for a furnisher to report overdue

3    payments on debtor's account during pendency of Chapter 7 bankruptcy petition but prior to

4    discharge); *Giovanni v. Bank of America, N.A.*, 2013 WL 1663335, at *6 (N.D. Cal. April 17,

5    2013) ("*Giovanni II*") (same); *Harrold v. Experian Info. Sols., Inc.*, 2012 WL 4097708, at *4

6    (N.D. Cal. Sept. 17, 2012) ("[R]eports of delinquencies in payment while bankruptcy proceedings

7    are still ongoing is not 'incomplete or inaccurate' information.").

8         As discussed at length in *Jaras*, *Blakeney*, and other cases, the legal status of a debt does

9    not change until the debtor is discharged from bankruptcy. 11 U.S.C. § 1328; *Blakeney*, 2016 WL

10   4270244, at *6 ("Plaintiff is not entitled to receive a discharge of debts covered under Plaintiff's

11   Chapter 13 bankruptcy plan until Plaintiff has completed all payments provided for under the

12   Chapter 13 bankruptcy plan."). Confirmation of a payment plan is not sufficient to alter the legal

13   status of a debt, because if a debtor fails to comply with the Chapter 13 plan, the debtor's

14   bankruptcy petition can be dismissed, in which case the debt will be owed as if no petition for

15   bankruptcy was filed. *See In re Blendheim*, 803 F.3d 477, 487 (9th Cir. 2015) ("[D]ismissal returns

16   to the creditor all the property rights he held at the commencement of the Chapter 13

17   proceeding."); *see also Elliott*, 150 B.R. at 40 ("[E]ven if a confirmed Chapter 13 plan did bar

18   challenges to the underlying claims, *res judicata* would not apply where the confirmed plan had

19   been dismissed."). Thus, a confirmation order does not constitute a final determination of the

20   amount of the debt, and it is not misleading or inaccurate to report delinquent debt during the

21   pendency of a bankruptcy proceeding but before discharge. In short, even if Plaintiff is correct that

22   Plaintiff's credit report did not reflect the terms of Plaintiff's Chapter 13 bankruptcy plan, this

23   would not be an inaccurate or misleading statement that could sustain a FCRA claim against either

24   Experian or Roundpoint.

25        Plaintiff's invocation of "industry standards" does not undermine this conclusion.[5] *See*

26

27   _____
     [5] Plaintiff's FAC contains several paragraphs discussing "Metro 2" standards. FAC ¶¶ 37–49.

                                                       10
28   Case No. 16-CV-04628-LHK
     ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

*United States District Court*
*Northern District of California*

FAC ¶ 80 ("Post confirmation the accepted accurate credit reporting standard for reporting balances is to report the balance owed under the Chapter 13 plan terms."). Several courts in this district have held that accurately reporting a delinquent debt during the pendency of a bankruptcy is not rendered unlawful simply because a Plaintiff alleges that the reporting, though accurate, was inconsistent with industry standards. For example, in *Mortimer II*, the court held that "[t]o the extent that the account was delinquent during the pendency of the bankruptcy, failure to comply with the CDIA guidelines does not render the report incorrect." 2013 WL 1501452, at *12. Similarly, in *Sheridan v. FIA Card Services, N.A.*, 2014 WL 587739 (N.D. Cal. Feb. 14, 2014), the court followed *Mortimer* in "reject[ing] the argument that failure to comply with industry standards violates the FCRA where the information itself is nonetheless true." *Id.* at * 5. Additionally, in *Mestayer v. Experian Information Solutions, Inc.*, 2016 WL 7188015 (N.D. Cal. Dec. 12, 2016) ("*Mestayer III*"), the court held that at least when a credit report acknowledges the existence of a pending bankruptcy, reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading "even if [the report] otherwise did not fully comply with" industry standards. *Id.* at *3; *see also Mestayer v. Experian Information Solutions, Inc.*, 2016 WL 3383961 (N.D. Cal. June 20, 2016) (same).

Plaintiff cites *Nissou-Raban v. Capital One Bank (USA), N.A.*, 2016 WL 4508241 (S.D. Cal. June 6, 2016), for the proposition that alleging a violation of reporting standards can in some circumstances be sufficient to state a claim under the FCRA. However, *Nissou-Raban* held only that if a furnisher reports a debt that is the subject of a pending bankruptcy, it could be misleading for the furnisher to describe that debt as "charged off"—that is, seriously delinquent and likely uncollectible—rather than to specify that the debt is the subject of a pending bankruptcy. *Id.* at *4. Thus, at most *Nissou-Raban* stands for the proposition that a furnisher that reports delinquent

---

However, despite this extended discussion of Metro 2 standards, Plaintiff does not allege that reporting a delinquent debt during the pendency of a bankruptcy violates Metro 2 standards or any other particular standard. Instead, Plaintiff merely asserts generally that "[p]ost confirmation the accepted accurate credit reporting standard for reporting balances is to report the balance owed under the Chapter 13 plan terms." FAC ¶ 80.

11

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

1    debts during the pendency of a bankruptcy should also report the fact that a bankruptcy is pending

2    so that creditors know that those delinquent debts may be discharged in the future. However,

3    *Nissou-Raban* does not endorse Plaintiff's argument that reporting a delinquent debt itself violates

4    industry standards and is misleading or inaccurate. On the contrary, *Nissou-Raban* explicitly

5    recognized that "pleading facts that show a furnisher reported information that was accurate while

6    bankruptcy was pending but before the debt was discharged does not, as a matter of law, provide

7    the predicate inaccuracy necessary to state a FCRA or CCRAA claim." *Nissou-Raban*, 2016 WL

8    4508241, at *3.

9          The issue in *Nissou-Raban* is therefore not presented in the instant case. Although Plaintiff

10   alleges generally that on Plaintiff's three-bureau credit report, "[s]ome accounts . . . [were] not

11   reporting the bankruptcy . . . at all," FAC ¶ 99, Plaintiff never specifies which accounts failed to

12   mention the pending bankruptcy. Specifically, Plaintiff never alleges that Roundpoint or Experian

13   failed to mention the pending bankruptcy. Thus, the Court need not consider whether such a

14   failure would be misleading or inaccurate under the FCRA.

15         In short, Plaintiff's vague assertion that "reporting a past due balance post confirmation

16   does not comport with industry standards," FAC ¶ 132, is not enough to overcome this Court's

17   consistent holding that as a matter of law it is not misleading or inaccurate to report a delinquent

18   debt during the pendency of a bankruptcy. Thus, the Court rejects Plaintiff's argument that his

19   credit report was misleading or inaccurate for reporting delinquent debt during the pendency of his

20   Chapter 13 bankruptcy.

21         The Court therefore GRANTS Experian's and Roundpoint's motions to dismiss Plaintiff's

22   FCRA claims based on the reporting of delinquent debt during the pendency of a bankruptcy. The

23   Court finds as a matter of law that reporting a delinquent debt during the pendency of a

24   bankruptcy is not inaccurate or misleading, and thus these claims are dismissed with prejudice. *See*

25   *Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016) ("[A]s a

26   matter of law, it is not misleading or inaccurate to report delinquent debts during the pendency of a

27

28   Case No. 16-CV-04628-LHK
     ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

bankruptcy proceeding prior to the discharge of the debts."), Therefore, because Plaintiff "cannot make a prima facie case of inaccurate reporting" with respect to these claims, the Court finds that "amendment . . . would be futile." *Carvalho*, 629 F.3d at 892.

Nevertheless, as discussed above, Plaintiff has also alleged generally that certain accounts in the March 3, 2016 credit report contained no indication at all that the debts were the subject of a pending bankruptcy. Plaintiff has not stated that these allegations apply either to Roundpoint or to Experian, and therefore the Court does not consider these allegations at this time or decide whether they would be sufficient to state a claim. However, the Court grants leave to amend for Plaintiff to clarify whether this allegation applies either to Roundpoint or to Experian and, if so, to provide more detail regarding these allegations. In doing so, however, the Court warns that Plaintiff must provide "much more specific allegations" regarding what precisely Experian and Roundpoint reported and how these reports could be misleading, including production or detailed description of "the actual credit report to which" Plaintiff objects. *Mestayer III*, 2016 WL 7188015, at *3. If Plaintiff fails to correct these deficiencies, this claim too will be dismissed with prejudice.

**B. Report of Debt Amount that Did Not Take Into Account Payments by the Bankruptcy Trustee**

In Plaintiff's opposition to Roundpoint's motion to dismiss, Plaintiff argues that there was another inaccuracy in Plaintiff's credit report. Specifically, Plaintiff states that the report showed a debt from Roundpoint with a balance of $71,286.00. Opp. at 4. However, Plaintiff claims that in the bankruptcy, Roundpoint filed a proof of claim in the amount of $80,792.37 and that the trustee subsequently paid $20,706.33 to Roundpoint. *Id.* Thus, Plaintiff argues, the balance of the debt should have been $60,086.04 rather than $71,286.00. *Id.* Plaintiff claims that even if Roundpoint can report a delinquent debt while a bankruptcy is pending, "this discrepancy [in the amount of the debt] alone should be enough to deny [Roundpoint's] motion as the balance being reported is inaccurate on its face." *Id.*

However, Plaintiff's FAC never alleges that Plaintiff disputed Roundpoint's reported

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

balance on this basis. Indeed, Plaintiff does not even allege that the trustee had made this $20,706.33 payment when Plaintiff ordered the disputed credit report on March 3, 2016.[6] As discussed above, the duties of both CRAs and furnishers under the FCRA are triggered only upon receipt of a dispute from a consumer. *See* 15 U.S.C. § 1681s-2(b) ("Duties of furnishers of information upon notice of dispute."); 15 U.S.C. § 1681i(a)(1)(A) ("[I]f . . . any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."); *Gorman*, 584 F.3d at 1154 ("[T]he CRA [must] provide notification of the dispute within five business days of receipt of notice of a dispute. The furnisher's investigation obligation under § 1681 is triggered by receiving the CRA notification."). The only dispute letter that Plaintiff alleges that he sent to Experian, which disputed information on the March 3, 2016 report, stated only that Roundpoint should not report *any* balance because Plaintiff's Chapter 13 plan had been confirmed. Plaintiff's FAC does not allege that he ever informed Experian or any other CRA that the Roundpoint account balance did not take into account a $20,706.33 payment by the trustee. Thus, Experian's and Roundpoint's investigation obligations regarding this alleged inaccuracy were never triggered.

Therefore, the Court GRANTS Experian's and Roundpoint's motions to dismiss Plaintiff's claims based on the alleged failure to take into account payments by the trustee. Nevertheless, because it is possible that Plaintiff could allege that he did in fact dispute his credit report on this basis, amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts"). Accordingly, the Court grants leave to amend.

---

[6] Only in the July 20, 2016 report, which Plaintiff ordered to ensure that changes had been made to the disputed March 3, 2016 report, did Plaintiff allegedly notice that Roundpoint was reporting a balance that did not take into account the trustee's $20,706.33 payment. *Id.* ¶ 106. Plaintiff does not allege that he sent a second dispute letter challenging the contents of the July 20, 2016 report.

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

14

### C.  Plaintiff's Claim under Cal. Civ. Code § 1785.25(a)

Section 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code. § 1785.25(a). The CCRAA provides for a private right of action to enforce this provision. *Id.* §§ 1785.25(g), 1785.31(a). "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

Plaintiff asserts a CCRAA claim only against Roundpoint. Similar to Plaintiff's FCRA claim, Plaintiff asserts that Roundpoint violated the CCRAA by reporting the same alleged "misleading and inaccurate account information . . . that did not comport with well-established industry standards" as alleged in Plaintiff's FCRA claim. FAC ¶ 136. The parties' arguments about the accuracy and completeness of this information in the context of a CCRAA claim mirror the parties' arguments regarding the FCRA claim. For the reasons stated above, Plaintiff has not sufficiently alleged that Roundpoint reported any inaccurate or incomplete information. Therefore, the Court GRANTS Roundpoint's motion to dismiss Plaintiff's CCRAA claim. The Court grants leave to amend only as to those portions of Plaintiff's CCRAA claims for which the Court has granted leave to amend Plaintiff's FCRA claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Experian's and Roundpoint's motions to dismiss. The Court DISMISSES WITH PREJUDICE Plaintiff's FCRA and CCRAA claims based on the reporting of delinquent debt during the pendency of a bankruptcy. The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's FCRA and CCRAA claims based on failure to report the fact of a pending bankruptcy and Plaintiff's FCRA and CCRAA claims based on failure to take into account payments made by the trustee to Roundpoint's account.

15

Case No. 16-CV-04628-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

1    Should Plaintiff elect to file an amended complaint curing the deficiencies identified

2    herein, Plaintiff shall do so within thirty (30) days of the date of this Order.  Failure to meet the

3    thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in

4    this Order will result in a dismissal with prejudice of Plaintiff's claims.  Plaintiff may not add new

5    causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule

6    15 of the Federal Rules of Civil Procedure.

7    **IT IS SO ORDERED.**

8

9    Dated: January 10, 2017

10

11   LUCY H. KOH
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    16

28

United States District Court
Northern District of California